IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAAVIER I. CARR, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:19-CV-876-B-BK |
| § | |
| TEXAS DEPT. OF FAMILY AND § | |
| PROTECTIVE SERVICES, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED**.

**I.   BACKGROUND**

On April 10, 2019, Plaintiff JaAvier I. Carr, filed a *pro se* complaint against the Texas Department of Family and Protective Services ("TDFPS"), Child Protective Services ("CPS"), Judge Regina Moore, six CPS employees (five case workers and one attorney), and Katie Hardin, the mother of his child. Doc. 3 at 1, 4. In his inartfully pled complaint, Carr essentially asserts that Defendants violated his due process rights by denying him custody of his daughter. Doc. 3 at 1-2 ("CPS should have gave [sic] me my daughter, CPS placed my daughter under CPS custody because that is how they make their money."); *see also* Doc. 8 at 4, 7, 15, 17-54 (July 9, 2019 *Answers to Magistrate Judge's Questionnaire*). Carr avers that he has "a better record" than CPS or Hardin. Doc. 3 at 2; Doc. 8 at 10 ("[I] have never been proven a [sic] unfit parent so

how could CPS take custody of my daughter without Due Process."). He also broadly alleges discrimination and a conspiracy to violate his rights. Doc. 8 at 4-5, 7. By this action, Carr requests "full custody" of his daughter and monetary compensation for pain and suffering. Doc. 3 at 3.[1]

In his September 9, 2020 *Answers to Magistrate Judge's Supplemental Questionnaire*, Carr references for the first time the state court suit affecting the parent-child relationship ("SAPCR") *Kati Hardin, Dallas Cty. Child Prot. Serv. Unit of Tex. Dep't of Family Prot. Serv. v. Jaavier Carr*, No. DF-14-08026 (256th Jud. Dist. Ct., Dallas Cty., Texas). Doc. 10 at 1.[2] According to the online docket sheet for that case, on January 30, 2019—before Carr filed this action—the state court issued an order addressing the emergency care and temporary custody of his daughter and placed her in TDFPS custody. *See also* Doc. 8 at 4 ("[O]n Jan 30, 2019 the court … without due process … took my daughter and placed her in the custody of TDFPS."). Then on January 10, 2020, as Carr concedes, CPS placed his daughter in the custody of a nonrelative. Doc. 10 at 1-2; *see also* Doc. 10 at 4-8 (Jan. 10. 2020 *Mediated Settlement Agreement* in Case No. DF-14-8026-Z, granting permanent managing conservatorship to a nonrelative). On February 11, 2020, the Court entered its "Final Order Modifying SAPCR" and, as Carr also admits, the case was subsequently closed. *See* the online docket sheet in Case No. DF-14-08026; Doc. 10 at 1 ("[A]fter CPS would not give me my daughter, I stop[ed] going to court … the case is closed.").

---

[1] Because Carr complains of civil rights violations, the Court construes it as an action under 42 U.S.C. § 1983.
[2] The docket sheet is available at https://courtsportal.dallascounty.org/DALLASPROD (last accessed Sep. 17, 2020).

In his supplemental responses, Carr reiterates his argument that "CPS should have [given] me my daughter in Dec-2019 when … [her] mother went to jail for choking her other daughter," and that CPS's failure to do so amounted to a "[d]eprivation of [his] rights." Doc. 10 at 2. Liberally construed, Carr's supplemental responses (which operates as an amended complaint) attack the state court's temporary and final custody orders. *See Franklin v. Blair*, 806 Fed. Appx. 261, 263 (5th Cir. 2020), *pet. for cert. filed*, No. 20-5310 (Aug. 10, 2020) ("By requesting a more definite statement through a questionnaire, the district court gave [the plaintiff] an opportunity to amend his complaint." (citing *Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994)).

Because Carr's amended claims are inextricably intertwined with the temporary and final state custody orders, they are precluded by the *Rooker-Feldman* doctrine and, as such, should be dismissed for want of jurisdiction. Carr's remaining claims are frivolous and fail to state a claim and should likewise be dismissed.

## II.   ANALYSIS

### A.  Rooker-Feldman Doctrine Precludes the Custody Claims

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state judgments" rendered before the commencement of the district court

proceedings.³ *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine ... is confined to cases … brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). A federal complaint, even if framed as containing original claims for relief, attacks a state-court judgment for purposes of the *Rooker-Feldman* doctrine "when the [federal] claims are inextricably intertwined with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment." *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (alteration in original) (internal citations and quotation marks omitted). Simply stated, a plaintiff cannot circumvent the *Rooker-Feldman* doctrine merely by recasting a complaint in the form of a federal civil rights action. *Moore v. Whitman*, 742 F. App'x 829, 832 (5th Cir. 2018) (per curiam) (citations omitted). Moreover, errors in state cases should be reviewed and settled through the state appellate process. *Rooker,* 263 U.S. at 415; *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) ("'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts'" (quoted case omitted)).

      Here, Carr uses his claims of civil rights violations to collaterally attack the validity of the temporary and final custody orders. He requests that the Court instead grant him "full custody" of his daughter, which this Court "may not do." *Feldman*, 460 U.S. at 482 n.16. Carr's

---

³ This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

only recourse for challenging the state custody orders is in the state courts. *See, e.g., Moore*, 742 F. App'x at 832 (finding civil rights claims against foster parents and state officials involved in removal and placement of child were "inextricably intertwined" with the state-court judgment and thus precluded by the *Rooker- Feldman* doctrine). Consequently, Carr's amended claims should be dismissed without prejudice for lack of subject matter jurisdiction.

### B. Remaining Claims are Frivolous and Fail to State a Claim

Because Carr is proceeding *in forma pauperis*, his remaining claims are subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Carr's remaining claims are frivolous and fails to state a claim.

### 1. Eleventh Amendment Immunity Bars the Claims Against TDFPS and CPS

Under the Eleventh Amendment, "[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *P.R. Aqueduct & Sewer Auth. v.*

*Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (quoted cases omitted).  As such, Plaintiff cannot sue TDFPS and CPS, both agencies of the State of Texas, for monetary damages arising from alleged civil rights violations.  *See Thomas v. Tex. Dep't of Family & Prot. Servs.*, 427 F. App'x 309, 312 (5th Cir. 2011) (concluding DFPS "is undisputedly a state entity that has not waived its immunity"); *Stem v. Ahearn,* 908 F.2d 1, 4-5 (5th Cir. 1990) (finding CPS is an arm of the state under the Eleventh Amendment).  Moreover, to the extent Carr brings this action against the named CPS case workers in their official capacities for monetary relief, those claims should likewise be dismissed.  *See Thomas*, 427 F. App'x at 313 (dismissing official capacity claims against DFPS employees because they were immune from suit in their official capacities); *Stem*, 908 F.2d at 5 (same as to CPS employees).

### 2. Judge Moore Is Immune from Suit

Carr also seeks monetary damages against Judge Moore for alleged civil rights violations stemming from the CPS custody case.  But she is entitled to absolute immunity from the damages claim.  Her complained of actions were performed in her capacity and function as a judge.  *Stump v. Sparkman*, 435 U.S. 349, 361-362 (1978).  "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion."  *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

### 3. Individual Capacity Claims Against CPS Defendants Also Fail

Insofar as Carr sues CPS Case Workers Valerie Williams, Brittany Pritchard, Julia Malveaux, Chakari Brown, and Deven Box and CPS Attorney Elaine Mosher (collectively "CPS Defendants"), in their individual capacities, he has failed to plead a plausible civil rights violation.  Indeed, Carr has not alleged any facts supporting his claims—not even the dates the alleged misdeeds occurred.  Doc. 8 at 17-52 (appending the same general response for each CPS

Defendant as Carr alleged against CPS and Judge Moore). His broad-based conspiracy allegations also lack factual enhancement. Carr has not alleged facts from which the Court can glean that "there was an agreement among the alleged co-conspirators to deprive him of his constitutional rights and that such an alleged deprivation actually occurred." *Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *Estate of Farrar v. Cain*, 941 F.2d 1311, 1313 (5th Cir. 1991)). "Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983." *Id.* (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)). Because Carr has failed to present more than "naked assertion[s]" devoid of "further factual enhancement," *Twombly*, 550 U.S. at 557, his claims against the CPS Defendants should be dismissed for failure to state a claim.

### 4. No Deprivation under Color of State Law as to Hardin

Insofar as Carr alleges a federal civil rights claim against Hardin, the child's mother, Doc. 8 at 53-4, he cannot satisfy the requirement that she must have acted under color of state law. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (concluding § 1983 does not reach "private conduct, no matter how discriminatory or wrongful").[4] Thus, any claim against Hardin should also be dismissed as frivolous and for failure to state a claim.

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the

---

[4] To pursue a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Carr's allegations, as amended, clearly demonstrate a lack of subject matter jurisdiction in this Court, and his remaining claims are fatally infirm. Moreover, the Court has already given Carr the opportunity to supplement his complaint by answering two Magistrate Judge's questionnaires, yet he has not cured the deficiencies the Court notes here. Doc. 8; Doc. 10. Under these circumstances, Carr has apparently already pled his best case and granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, Carr's amended claims should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction as precluded by the *Rooker- Feldman* doctrine, *see* FED. R. CIV. P. 12(h)(3), and his remaining claims should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim, *see* 28 U.S.C. § 1915(e).

**SO RECOMMENDED** on September 23, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).